National Surety Co. v. Love.

REVERSED AND REMANDED.

ROSE and HAMER, JJ., not sitting.

---

NATIONAL SURETY COMPANY, APPELLANT, v. THOMAS LOVE, APPELLEE.

FILED JUNE 26, 1918. No. 19958.

1. **Attachment:** RESIDENCE. "It is the actual residence of the debtor, and not his domicile, which determines the status of the parties in attachment proceedings." *Webb v. Wheeler,* 79 Neb. 172.

. 2. Evidence examined, and *held* to show the defendant a nonresident for purposes of attachment.

Appeal from the district court for Sioux county: William H. Westover, Judge. *Reversed.*

*Crane, Boucher & Sternberg* and *F. S. Baker,* for appellant.

*Allen G. Fisher* and *Justin E. Porter, contra.*

Cornish, J.

Appeal from a judgment quashing the writ of attachment, issued on the statutory ground of nonresidency, the trial court finding that the defendant was at the time a resident of Sioux county. The evidence shows that he was not at the time in Sioux county, and that for several months he had spent most of his time in South Dakota.

When the inquiry is directed to the place of residence where summons may be served, the one who says it was at some particular place should at once designate it. This saves mental work and worry. It furnishes a starting point for the investigation. The record does not disclose clearly just where in Sioux county defendant contends his home was. It would probably be either on the land attached or at the home of Mrs. Doyle. But the sheriff found the farm house untenanted and unfurnished, with unmistakable evidence that a late occupant was bovine. If defendant lived at Mrs. Doyle's home, then it is strange that neither he nor she has said so. She denied it to the sheriff on his search, and to another witness.

If the contention is, as is likely, that defendant's domicile is shown to be in Sioux county, it must be answered that this is not sufficient. Under the attachment statute, the debtor must have a place of residence in the state, either of a temporary or permanent character, at which a service of summons may be lawfully made.

The motion upon which the court acted, although in form a special appearance objecting to jurisdiction over the person of defendant, asks that the writ of attach-

ment "be quashed and held for naught." This motion and the court's order entitle plaintiff, under section 7776, Rev. St. 1913, to appeal.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.